UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>        Plaintiff,<br><br>   v.<br><br>TPD TOBACCO LLC,<br><br>        Defendant. | Case No. 22-cv-00064-JCS<br><br>**ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION AND DISMISSING STATE CLAIM** |

On March 1, 2022, the Court ordered Plaintiff Brian Whitaker to show cause why the Court should not decline to exercise supplemental jurisdiction over his state-law Unruh Civil Rights Act claim for the reasons stated in *Garcia v. Maciel*, No. 21-cv-03743-JCS (N.D. Cal.),[1] which in turn relied on the Ninth Circuit's decision in *Arroyo v. Rosas*, 19 F.4th 1202 (9th Cir. 2021). *See* Order to Show Cause (dkt. 16) (text-only docket entry). The portion of Whitaker's opposition brief (dkt. 18) responding to the order to show cause is copied verbatim from the unsuccessful brief filed by the plaintiff in *Garcia*, who was represented by the same law firm. Whitaker's brief offers no reason why the Court should reach a different conclusion here. Accordingly, based on the factors set forth in *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966), and taking into account the Ninth Circuit's opinion in *Arroyo*, the Court finds that exceptional circumstances warrant declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) for the reasons stated in *Garcia*. The Court hereby DISMISSES Whitaker's Unruh Act claim sua sponte, without prejudice to Whitaker pursuing that claim in state court.

---

[1] *Garcia* included two relevant orders: an order to show cause why the Court should not decline supplemental jurisdiction, *Garcia v. Maciel*, No. 21-cv-03743-JCS, ECF Doc. No. 33 (N.D. Cal. Jan. 3, 2022), and an order declining supplemental jurisdiction and dismissing the plaintiff's Unruh Act claim without prejudice to him pursuing it in state court, *Garcia v. Maciel*, No. 21-cv-03743-JCS, 2022 WL 395316 (N.D. Cal. Feb. 9, 2022).

The parties shall meet and confer to address how they would like to proceed with this case. No later than March 18, 2022, Whitaker shall file one of the following: (1) a status report indicating that he intends to proceed in this Court on his remaining claim under the Americans with Disabilities Act ("ADA"); (2) a stipulation to dismiss his ADA claim; or (3) a motion to dismiss his ADA claim, noting the points of disagreement that prevented the parties from reaching a stipulation.

The Court notes that it is not clear whether the issues raised in Defendant's pending motion to dismiss (dkt. 11) can be resolved without jurisdictional discovery and an evidentiary hearing, which might or might not be appropriate at this stage of the case. The Court reserves such questions for decision, if necessary, after Defendant files its reply. The deadline for that brief is CONTINUED to March 25, 2022. The hearing on that motion remains set for April 1, 2022, but may be continued if Whitaker files a contested motion to dismiss, or if the Court determines that jurisdictional discovery or an evidentiary hearing is necessary to resolve Defendant's motion.[2]

**IT IS SO ORDERED.**

Dated: March 14, 2022

JOSEPH C. SPERO
Chief Magistrate Judge

---

[2] The parties have consented to the jurisdiction of a magistrate judge for all purposes under 28 U.S.C. § 636(c).